```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Civil Case No. |
| Plaintiff/Respondent, | ) | 5:22-cv-138-JMH-MAS |
| | ) | and |
| v. | ) | Criminal Case No. |
| | ) | 5:18-cr-54-JMH-MAS-1 |
| **MICHAEL J. WEST,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant/Movant. | ) | **and ORDER** |

*** *** ***

Defendant Michael J. West has moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (DE 218). Pursuant to local practice, the motion was referred to a United States Magistrate Judge for review under 28 U.S.C. § 636(b)(1)(B). This matter is now before the Court on the magistrate judge's report and recommendation (DE 223) and West's objections (DE 224).

Upon separate review of the record, the Court agrees with the Magistrate Judge that West's motion is untimely and no grounds for equitable tolling apply. Accordingly, West's motion for collateral relief will be denied.

## I.   Background

On December 3, 2018, West entered a guilty plea to nine counts of the second superseding indictment (DE 66), which charged him with various drug trafficking and firearms charges. (DE 113). The Court sentenced him as a career offender under USSG § 4B1.1 (Nov. 2018), imposing a sentence of 260 months of imprisonment. (DE 145).

On appeal, the Government moved to vacate the sentence and remand for the limited purpose of resentencing, in light of *United States v. Havis*, 927 F.3d 382, 387 (6th Cir.) (en banc) (per curiam), *recons. denied*, 929 F.3d 317 (6th Cir. 2019). The motion was granted. (DEs 188, 192). This Court re-sentenced West on March 2, 2020, imposing a modified sentence of 190 months. (DEs 196, 198).

On May 26, 2022,[1] West filed a *pro se* motion seeking relief under 28 U.S.C. § 2255. (DE 218). However, perceiving the motion to be likely time-barred, the magistrate judge ordered briefing limited to timeliness. (DE 220). Both parties responded respectively, with West arguing that his petition was timely pursuant to the doctrine of equitable tolling, (DE 221), and the Government countering that West's petition was untimely with no right to equitable tolling. (DE 222). Upon review, Judge Stinnett found that the doctrine did not apply, and thus the petition was untimely, and recommended dismissal of West's § 2255 motion.

West has filed timely objections. (DE 224). The matter is ripe for the Court's consideration.

## II.  Standard of Review

This Court performs a de novo review of those portions of the magistrate judge's report and recommendation to which the

---

[1] The Court deems this to be the date West delivered the pleading to prison authorities for mailing to the court. *See Brand v. Moley*, 526 F.3d 921, 925 (6th Cir. 2008)

defendant has objected. *See* 28 U.S.C. § 636(b). The Court, however, is not required to perform a de novo review of any unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)).

Because West is proceeding *pro se*, the Court will review his objections under a more lenient standard than the one applied to attorneys. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). However, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "Objections that merely state disagreements with the magistrate judge's conclusion or restate arguments previously presented to the magistrate judge are [also] improper." *United States v. David*, 421 F. Supp. 3d 433, 440 (E.D. Ky. 2019).

### III. Analysis

West concedes here, as he did in his original motion, that his petition is untimely. The issue is whether equitable tolling is applicable to his case; West posits that it is based upon (a)

his transportation between different prison facilities and (b) lockdown at his prison facility due to the Covid-19 pandemic.

Petitioners may seek relief under 28 U.S.C. § 2255 within one year from the latest of four dates – here, it is from the date on which the conviction became final. 28 U.S.C. § 2255(f)(1). A conviction becomes final when the time for direct review has passed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). "Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Abela v. Martin*, 348 F.3d 164, 168 (6th Cir. 2004) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review' —when this Court affirms a conviction on the merits or denies a petition for certiorari.").

West's judgment in this case became final on March 8, 2021 (i.e., the day West's time to file a petition for a writ of certiorari expired). Thus, the one-year statute of limitations to seek collateral relief expired on March 8, 2022. However, West signed his § 2255 motion on May 26, 2022 – approximately 79 days belated.

Under certain circumstances, a petitioner may file an untimely § 2255 motion if he can demonstrate that "(1) he has been pursuing his rights diligently, and that (2) some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The second element of the equitable tolling test is satisfied "only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe v. United States*, 577 U.S. 250, 136 S. Ct. 750, 756, 193 L.Ed.2d 652 (2016). The petitioner bears the burden of persuading the court that he is entitled to equitable tolling. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)). This doctrine is to be applied "sparingly." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003).

In his objections to the Court, West re-submits that he did not arrive to his current institution — FCI Gilmer, West Virginia— after his resentencing, until late October 2021 (DE 224 at 3). *See* DE 221 at 4, 6. He states that, because he was forced to quarantine for 30 days, it was not until November 2021 that West was able to contact the Clerk in order to inquire about obtaining the re-

sentencing transcripts. (DE 224 at 3). The current record does *not* reflect a copy of West's letter allegedly sent to the Clerk during this time.

Seemingly, West believes that the Court should credit him for the time he spent away from FCI Gilmer, as he had no knowledge of the statute of limitations (*see id.*, pp. 4-6). However, lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991). Even assuming that West had this additional time at his disposal, there is no evidence that he would have diligently pursued his rights during this limitations period. Nor does he argue that he was prevented from obtaining a § 2255 form or from filing a basic motion asserting his entitlement to collateral relief at any point.

There is also no evidence (nor is it alleged in specificity) that West was diligently pursuing his rights *after* he arrived to FCI Gilmer. From the Court's perspective, apart from a letter, dated and postmarked March 21, 2022 (DE 217, DE 217-1), the record reflects no activity from West, whatsoever.

West also blames the COVID-19 pandemic on his untimely filing. The Magistrate Judge concluded that, while some courts have found that the impact of COVID-19 on prison operations can, in certain

situations, equate to an extraordinary circumstance justifying the application of equitable tolling, West has not shown that the COVID-19 pandemic constitutes an extraordinary circumstance justifying the application of equitable tolling. (DE 223 at 5-6). Here, there is no causal link between the untimeliness of his motion and the COVID pandemic. *See Camelin v. Warden*, No. 2:21-CV-4070, 2022 WL 683454 *6, 2022 U.S. Dist. LEXIS 40328 *16-19 (S.D. Ohio Mar. 8, 2022) (collecting cases recognizing that the COVID-19 pandemic could constitute an extraordinary circumstance but that the petitioners failed to demonstrate "fact-specific circumstances related to the pandemic that specifically hindered [their] ability to file a habeas petition."). West fails to explain why he was unable to work on his motion prior to, or in between, the COVID-19 lockdowns he cites (DE 224 at 8-9).

In summary, West has failed to demonstrate an extraordinary circumstance existed during the one-year period following denial of direct relief by the Supreme Court that would warrant the application of equitable tolling.

### IV.   Certificate of Appealability

"A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a

different way. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (discussing development of the standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting the requirement of "individualized assessment of … claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001)).

West has not made a "substantial showing" as to any claimed denial of rights. The Court finds his objections to the magistrate judge's recommendations are meritless. Reasonable jurists would not find this Court's procedural determination fairly debatable. As a result, no certificate of appealability shall issue.

Finally, to the extent it is sought now or in the future, the Court will deny West leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).[2]

---

[2] Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.* In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.

## V. Conclusion

For the reasons outlined in this Opinion and in the United States Magistrate Judge's report and recommendation and supplement, the Court HEREBY ORDERS that:

1) Magistrate Judge Stinnett's Report and Recommendation (DE 223) is ADOPTED and INCORPORATED, in full;

2) Defendant's objections (DE 224) are OVERRULED;

3) Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (DE 218) is DENIED with prejudice;

4) A Certificate of Appealability SHALL NOT ISSUE because West has failed to make a substantial showing of the denial of a constitutional right;

5) A Judgment will be entered contemporaneously with this Order.

Dated this 27th day of September, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge