UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. WEST,<br>    Defendant. | CRIMINAL NO. 5:18-CR-54-KKC<br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Michael J. West's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1) and 18 U.S.C. § 3582(c)(2). (DE 238.) West failed to file a reply within the allotted time of fourteen (14) days pursuant to the Court's October 7, 2024 Order. (DE 245.) He did, however, file a motion for reconsideration after mistaking the October 7, 2024 Order as a ruling on the merits. (DE 244.) For the purposes of this opinion, the Court will construe his motion for reconsideration as a supplemental filing to his motion for sentence reduction. This motion is now ripe for the Court's review.

Despite his original motion vaguely stating that he seeks relief pursuant to 18 U.S.C. § 3582, the defendant's supplemental filing states that he seeks relief "pursuant to § 3582(c)(1) and § 3582(c)(2)." (DE 244 at 1.) The defendant further states that the United States Sentencing Commission's April 30, 2024 Amendments to the Sentencing Guidelines are the basis of his motion—specifically Part B to the Circuit Conflicts Amendment. Because the defendant seeks a sentence reduction pursuant to § 3582(c)(1) and § 3582(c)(2), the Court will analyze each argument in turn.

I.

When reviewing a prisoner-filed motion for compassionate release under § 3582(c)(1), the Court must consider: (1) whether "extraordinary and compelling reasons" warrant a

sentence reduction; (2) whether a reduction is consistent "with applicable policy statements issued by the Sentencing Commission"; and (3) whether applicable 18 U.S.C. § 3553(a) factors support a reduction in the given circumstances. *See United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020). Prior to the First Step Act of 2018, compassionate release could only be requested by the Director of the Bureau of Prisons (BOP). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Government argues that there are not any records showing that: (1) the defendant submitted a request for relief to his warden; or (2) the defendant submitted a request that was denied or left unanswered. (DE 240 at 4.) In his supplemental filing, the defendant claims that he was not required to exhaust his administrative remedies. Yet that is correct only to claims for relief under § 3582(c)(2). It is widely accepted that § 3582(c)(1) requires the exhaustion of administrative remedies before a defendant can file their motion for compassionate release. Nothing in the record suggests that the defendant satisfied this requirement, and that alone necessitates the denial of his claims for relief pursuant to § 3582(c)(1).

## II.

To receive relief under § 3582(c)(2), the defendant must show that: (1) he had been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (2) a sentence reduction would be consistent with applicable policy statements issued by the Sentencing Commission; and (3) the applicable § 3553(a) factors support a sentence reduction. 18 U.S.C. §

3582(c)(2); *see United States v. Webb*, 760 F.3d 513, 518 (6th Cir. 2014). This provision provides "a narrow remedy that allows a defendant to challenge his sentence if there has been a *retroactive* change to the defendant's applicable guidelines range." *United States v. Simpson*, 2024 U.S. App. LEXIS 23165, 2024 WL 4337488, at *6 (6th Cir. 2024) (emphasis added).

Contrary to the defendant's assertions, the Court can find no authority suggesting that Part B of the Circuit Conflicts Amendment has been found to be retroactive as of the date of this opinion. The Sentencing Commission's website indicates that the last set of retroactive amendments to the Sentencing Guidelines were adopted in August 2023. Notably, the set containing the relevant amendment contains no mention of retroactivity. Accordingly, the Court cannot find that the defendant is entitled to relief pursuant to § 3582(c)(2).

For the aforementioned reasons, the Court hereby ORDERS that the defendant's motion for sentence reduction (DE 238) is DENIED.

This 17th day of December, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY